UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY TRAUGHBER,

       Plaintiff,                                             Hon. Gordon J. Quist

v.                                                          Case No. 1:14-CV-334

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and*

*Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 49 years of age on her alleged disability onset date. (Tr. 143). She successfully completed high school and previously worked as a press operator, machine operator, plate maker, and desktop publisher. (Tr. 21). Plaintiff applied for benefits on July 27, 2011, alleging that she had been disabled since July 14, 2011, due to degenerative disc disease of the lumbar spine, lumbar spine arthritis, anxiety, depression, and high blood pressure. (Tr. 143-51, 178). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 84-142). On November 1, 2012, Plaintiff appeared before ALJ Henry Kramzyk with testimony being offered by Plaintiff and a vocational expert. (Tr. 26-83). In a written decision dated November 30, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 11-22). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff filed her initial brief in this matter alleging several grounds for relief. (Dkt. #16). The Commissioner responded by moving to reverse the underlying decision and remand this matter for further factual findings. (Dkt. #20). Specifically, the Commissioner asserted that "the ALJ's decision here misapplies Agency regulations because the ALJ failed to consider Dr. Parke's November 16, 2012 opinion that plaintiff's back condition met listing 1.04A." Plaintiff opposes the Commissioner's motion on the ground that she is entitled to an immediate award of benefits. (Dkt. #25). Thus, the issue before the Court is simply whether Plaintiff is entitled to an immediate award of benefits or whether instead this matter must be remanded to the Commissioner for further factual findings.

3

**ANALYSIS**

In support of her position that she should be immediately awarded benefits, Plaintiff advances several arguments: (1) she satisfies Section 1.04A of the Listing of Impairments; (2) the ALJ failed to properly assess the medical evidence; (3) the ALJ failed to afford sufficient weight to the opinion of her treating physician, Dr. Parke; and (4) the ALJ improperly discounted Plaintiff's subjective allegations. Before addressing these arguments, however, the Court must confront a preliminary evidentiary issue.

I.   **Sentence Six Remand**

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (Tr. 1-5, 314-25). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that

the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

At the administrative hearing, the ALJ informed Plaintiff that he would keep the record open for 21 days, until November 22, 2012, to permit her to submit any additional documentation. (Tr. 35). Plaintiff has failed to demonstrate that she timely submitted this material to the ALJ. Plaintiff has also failed to articulate why she could not have obtained the information in question in a more timely fashion. Thus, Plaintiff has failed to establish that there exists good cause for her failure to present the information in question to the ALJ. Moreover, it is not reasonable to conclude that consideration of this evidence by the ALJ would have lead to a different result. The material in question does not consist of treatment notes or the results of objective assessments, but instead consists of statements of opinion offered by Plaintiff's care providers. These opinions, however, are not supported by the medical evidence. Accordingly, the Court is precluded from considering this evidence.

**II.      Section 1.04A of the Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. The burden rests with Plaintiff to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002).

> Section 1.04A of the Listing provides:
>
> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.04A.

On November 16, 2012, Dr. Parke opined that Plaintiff's back impairment satisfied the requirements of Section 1.04A of the Listing of Impairments. (Tr. 320-21). Defendant concedes that the ALJ failed to consider this particular opinion and, therefore, moves for remand of this matter. (Dkt. #20 at Page ID# 399-400). Plaintiff opposes remand on the ground that she satisfies this Section 1.04A of the Listing and is, therefore, entitled to an award of benefits.

Plaintiff has the burden to demonstrate her condition satisfies a listed impairment. The present record, however, fails to support such a showing. X-rays reveal the presence of "moderate" degenerative changes of the lumbar spine, as well as "mild to moderate" central canal compromise. (Tr. 253, 312). There is no evidence, however, that Plaintiff suffers from nerve root compression or any of the other objective prerequisites identified above. (Tr. 244-57, 266-89, 294-313). In short, Plaintiff has failed to demonstrate that she satisfies the requirements of this particular Listing. Accordingly, this argument is rejected.

**III.       Remaining Arguments**

As for Plaintiff's remaining arguments, the Commissioner concedes that the ALJ's decision is not supported by substantial evidence. While the parties agree that the ALJ's decision is not supported by substantial evidence, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

Again, while the medical evidence reveals that Plaintiff suffers from some level of back impairment and limitation, there does not exist strong evidence supporting her claim of disability. Several examinations have revealed findings inconsistent with Plaintiff's claim of disability. Plaintiff's reported activities are certainly inconsistent with her allegations of disability. (Tr. 200-27). Care providers have noted that Plaintiff engages in "symptom magnification" and, furthermore, noted that Plaintiff once stated that "she does not want treatment and is trying to get compensation at this time for her pain and problems." (Tr. 247). Simply put, there are a great many evidentiary conflicts in the record which must be resolved, a task which this Court is neither competent nor authorized to undertake in the first instance. Accordingly, Plaintiff's argument that she is entitled to an immediate award of benefits is rejected.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 13, 2015              /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge